REBEKAH C. MILLARD, OSB #121199
RMillard@freedomfoundation.com
JAMES ABERNATHY, OSB #161867
JAbernathy@freedomfoundation.com
FREEDOM FOUNDATION
PO Box 552
Olympia, WA  98507
Telephone: 360.956.3482

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## MEDFORD DIVISION

| | |
|---|---|
| **Jeremy Durst, Deanne Tanner**, and **Michael Garcie**, individuals;<br><br>Plaintiffs,<br><br>v.<br><br>**Oregon Education Association**, a labor organization; **Southern Oregon Bargaining Council Eagle Point Education Certified and Classified Employees**, a labor organization; **Eagle Point School District 9**; **Portland Association of Teachers**, a labor organization; **Portland Public Schools/Multnomah County School District Number 1**;<br><br>Defendants. | Case No. 1:19-cv-905<br><br>**COMPLAINT**<br><br>**Constitutional Violation (42 U.S.C. § 1983)** |

### INTRODUCTION

1.    The First Amendment prohibits the seizure of union dues or fees from public employees

COMPLAINT - 1

without consent in the form of a valid waiver of their First Amendment rights. *See Janus v. AFSCME*, *Council* 31, 138 S. Ct. 2448 (2018). Defendants Oregon Education Association (OEA), their locals, Southern Oregon Bargaining Council Eagle Point Education Certified and Classified Employees (Eagle Point Education Association), Portland Association of Teachers (PAT), Eagle Point School District 9, and Portland Public Schools/Multnomah County School District Number 1 (Portland Public Schools) are violating the First Amendment by seizing union dues from Plaintiffs without first obtaining a valid First Amendment waiver from Plaintiffs and by maintaining and enforcing a policy under which Defendants will continue to seize dues from Plaintiffs until an annual 30-day window period. Plaintiffs seek declaratory relief, as well as compensatory and nominal damages for injuries caused by Defendants' conduct.

## PARTIES

2.     Plaintiff Jeremy Durst resides in Jackson County, Oregon.

3.     Plaintiff Deanne Tanner resides in Jackson County, Oregon

4.     Defendant Oregon Education Association (OEA) is a labor organization whose Medford office is located at 2495 South Pacific Highway, Medford, Oregon 97501, and that conducts business in this judicial district.

5.     Defendant Southern Oregon Bargaining Council Eagle Point Education Certified and Classified Employees (Eagle Point Education Association) is the local bargaining council for OEA in Southern Oregon; headquartered at 2495 South Pacific Highway, Medford, Oregon 97501.

6.     Defendant Eagle Point School District 9 is a school district in Eagle Point, Oregon.

7.     Plaintiff Michael Garcie resides in Multnomah County, Oregon.

8.     Defendant OEA's Portland office is located at 6900 SW Atlanta Street, Portland, OR 97223.

COMPLAINT - 2



9. Defendant Portland Association of Teachers (PAT) is a labor organization headquartered at 345 NE 8th, Portland, Oregon 97232. (The term OEA as used hereinafter shall be considered to include relevant locals including Eagle Point Education Association and PAT unless otherwise indicated.)

10. Defendant Portland Public Schools is a school district in Portland, Oregon with headquarters at 501 N. Dixon St., Portland, Oregon 97227.

## JURISDICTION AND VENUE

11. The Court has jurisdiction to adjudicate this case pursuant to 28 U.S.C. § 1331, because it arises under the United States Constitution, and pursuant to 28 U.S.C. § 1343, because Plaintiffs seek relief under 42 U.S.C. § 1983. This Court has the authority under 28 U.S.C. §§ 2201 and 2202 to grant declaratory relief and other relief based thereon.

12. Venue is proper in this Court under 28 U.S.C. § 1391 because Plaintiffs Durst and Tanner reside in this judicial district; Defendant Eagle Point School District 9 is headquartered in this judicial district, Defendant Eagle Point Education Association is headquartered in this judicial district, Defendant OEA does business in this juridical district, and a substantial part of the events giving rise to the claim occurred in this judicial district.

## FACTUAL ALLEGATIONS

13. Plaintiff **Jeremy Durst** is a teacher employed by Eagle Point School District in Eagle Point, Oregon.

14. Durst has held his present position for approximately the past ten years, during which time he has maintained membership in the OEA.

15. OEA is the exclusive representative of teachers such as Durst.

16. On or near August 30, 2018, an OEA representative gave Durst a one-page form titled

COMPLAINT - 3

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

"2018-19 Individual Contact Sheet" to sign. The form contained Durst's personal information, and a signature line to "confirm" membership in OEA.

17. Durst signed the "Individual Contact Sheet" on August 30, 2018.

18. After signing the form, he realized he had some questions, and the very same day he emailed his union representative: "Have the options for us changed with regard to membership and dues following the Supreme Court decision this summer? I hadn't heard anything about it from the OEA publication and wasn't sure how it would apply to our district…."

19. OEA employee Daniel Burdis responded to Durst's question by stating that the "new ruling" allows non-members to "pay for nothing, but still get the chargeable benefits because we're the exclusive representative." Mr. Burdis did not provide any information on how an employee could exercise his or her First Amendment right to not support the union.

20. Durst was not aware the Individual Contact Sheet contained fine print that purports to hold a signer to union membership unless written notice is provided between September 1 and September 30, nor was he aware that there would be restrictions on his ability to revoke his membership should he sign the form. Hereinafter, this and any similar restriction shall be referred to as the "revocation policy," and the Individual Contact Sheet may alternatively be referred to as OEA's membership and dues authorization form.

21. On March 13, 2019, Durst resigned his union membership. He sent a written request by email to Allen Barber in his employer's payroll department, who forwarded the request to Amanda O'Sullivan, the Eagle Point Education Association President, who forwarded the request to OEA.

22. On March 14, 2019, Lori Quick from OEA responded to Durst informing him that while his cancellation of membership had been received, it would not be processed until the month of September, the "annual window to drop membership." Ms. Quick stated that until September 1,

COMPLAINT - 4

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

2019, "you will continue to see membership dues deducted and you will have rights of membership."

23. Eagle Point School District, at the behest of Eagle Point Education Association and OEA, and in coordination with them, and acting under color of state law (ORS 243.776 and ORS 292.055), has and will deduct union dues from Durst and remit those monies to OEA.

24. On information and belief, OEA and Eagle Point School District 9 will continue to enforce their revocation policy against Durst by deducting and collecting union dues from his salary until September of 2019, despite Durst's request to resign union membership and his provision of notice that he does not consent to paying union dues.

25. Defendant Eagle Point School District withholds union dues from Durst's paychecks amounting to $81.09 per month and remits such amount to OEA.

26. Plaintiff **Deanne Tanner** is an administrative assistant employed by Eagle Point School District in Eagle Point, Oregon.

27. Tanner has held her present position for approximately four years, during which time she has been a member of OEA because she believed such membership to be mandatory.

28. OEA is the exclusive representative of employees such as Tanner.

29. On or near the beginning of March 2019, Tanner cancelled her membership with OEA and Eagle Point Education Association in writing.

30. On March 15, 2019, OEA employee Lori Quick emailed Tanner letting her know that while her request for cancellation of membership had been received, "the annual window to drop membership is during the month of September. Once this window is open, we will process your written request to cancel. Until then, you will continue to see membership dues deducted and you will have rights of membership."

31. Tanner was not aware OEA's membership card, titled "Individual Contact Sheet"

COMPLAINT - 5

FREEDOM FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

contained fine print that purports to hold a signer to union membership unless written notice is provided between September 1 and September 30, nor was she aware that there would be restrictions on her ability to revoke membership should she sign the form. Indeed, she thought she was required to sign the form as a condition of employment.

32.    On March 15, 2019 Tanner responded to Ms. Quick stating she did not know she had the option *not to sign* the individual contact sheet, and requested that her membership cancellation be honored immediately. Ms. Quick refused her request.

33.    On May 8, 2019, Tanner repeated her request stating that since she was unaware she had the option to opt-out of membership, "I am requesting that the changes be effective immediately and that you stop taking dues from my paycheck."

34.    On May 9, 2019, Ms. Quick responded, repeating that "We will honor your drop request when our drop window opens in September…"

35.    Eagle Point School District, at the behest of Eagle Point Education Association and OEA, and in coordination with them, and acting under color of state law (ORS 243.776 and ORS 292.055), has and will deduct union dues from Tanner and remit those monies to OEA.

36.    On information and belief, OEA and Eagle Point School District 9 will continue to enforce their revocation policy against Tanner by deducting and collecting union dues from her salary until September of 2019, despite Tanner's request to resign union membership and her provision of notice that she does not consent to paying union dues.

37.    Defendant Eagle Point School District withholds union dues from Tanner's paychecks amounting to $39.94 per month and remits such amount to OEA.

38.    Plaintiff **Michael Garcie** is employed by Portland Public Schools to teach the Fourth Grade.

COMPLAINT - 6

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

39.    Garcie has held his current position since August 2017.

40.    OEA is the exclusive representative of teachers such as Garcie.

41.    In August 2018, Garcie was given an OEA membership renewal form to sign. He declined to do so.

42.    Garcie took affirmative steps to resign his union membership in by sending a written request for resignation of membership to OEA in February 2019. He received signature confirmation that his letter of resignation was delivered February 25, 2019.

43.    On March 28, 2019, Jennifer Dixon from OEA responded to Garcie's resignation by email and stated: "the annual window to drop membership is during the month of September. Once this window is open, we will process your written request to cancel. Until then, you will continue to see membership dues deducted and you will have rights of membership."

44.    Defendant Portland Public Schools withholds union dues from Garcie's paychecks amounting to $82.67 per month and remits such amount to OEA.

45.    Portland Public Schools, at the behest of PAT and OEA, and in coordination with them, and acting under color of state law (ORS 243.776 and ORS 292.055), has and will deduct union dues from Garcie and remit those monies to OEA.

46.    On information and belief, OEA and Portland Public Schools will continue to enforce their revocation policy against Garcie by deducting and collecting union dues from his salary until September of 2019, despite Garcie's request to resign union membership and his provision of notice that he does not consent to paying union dues.

47.    It is a long-standing principal that government workers have a First Amendment right to not join a union. *Abood v. Detroit Bd. of Educ.*, 431 U.S. 209, 235-36 (1977).  Moreover, in *Janus v. AFSCME, Council 31*, 138 S. Ct. 2448, 2486 (2018), the Supreme Court held the First Amendment

COMPLAINT - 7

FREEDOM FOUNDATION

P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

prohibits unions from forcing public employees, like Plaintiffs, to pay union dues or fees without their affirmative consent.

48.     OEA's membership and dues authorization does not include language that notifies employees that they have a First Amendment right not to subsidize OEA or that clearly states that the employee agrees to waive their First Amendment rights by signing the form.

49.     OEA's membership and dues authorization does not include language to indicate that the employee is agreeing to restrict or waive their future exercise of their First Amendment right not to subsidize OEA.

## CAUSES OF ACTION

## COUNT I

**(Defendants Are Depriving Plaintiffs of Their First Amendment Rights by
Deducting Union Dues Without Their Consent and Valid First Amendment Waiver)**

50.     Plaintiffs reallege and incorporate by reference the paragraphs set forth above in each Count of this Complaint.

51.     Defendants act under color of state law when maintaining and enforcing their revocation policy and by deducting, causing or effectuating the deduction of, and/or collecting union dues from Plaintiffs' wages.

52.     Defendants did not obtain from Plaintiffs a valid waiver of First Amendment rights under *Janus* prior to the deduction of union dues because, among other reasons, OEA's membership and dues authorization does not clearly inform employees that they have a First Amendment right not to financially support an exclusive representative and its speech; and it does not state that the employee agrees to waive or restrict his or her exercise of First Amendment rights.

53.     Defendants, by deducting, causing the deduction, and/or collecting union dues from

COMPLAINT - 8

FREEDOM FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

Plaintiffs have deprived and continue to deprive Plaintiffs of their First Amendment rights to free speech and association, as applied to the states by the Fourteenth Amendment to the United States Constitution.

54.    There is there is no compelling interest justifying this infringement of Plaintiffs' rights, and Defendants' revocation policy is not narrowly tailored.

55.    Plaintiffs are suffering the irreparable harm and injury inherent in a violation of First Amendment rights, for which there is no adequate remedy at law, as a result of being forced to subsidize OEA and its speech without their consent.

## COUNT II

### (Defendants' Revocation Policy, Forcing Plaintiffs to Remain Union Members Against Their Will, Violates the First Amendment)

56.    Plaintiffs re-allege and incorporate by reference each and every allegation contained in the paragraphs above.

57.    Defendants' revocation policy unlawfully restricts Plaintiffs' right to resign union membership and cancel the deduction of dues from their wages.

58.    On their face and/or as applied to Plaintiffs, Defendants' maintenance of membership provision forcing Plaintiffs to remain members of the Union until September 2019, unconstitutionally infringes on Plaintiffs' First Amendment rights of free speech and association.

59.    No compelling state interest justifies the requirement that Plaintiffs remain members of the Union.

60.    Defendants' revocation policy prohibits or prohibited Plaintiffs from exercising their First Amendment rights under *Janus* to decide to opt out of association with the union for eleven months of every year.

COMPLAINT - 9

61.    Plaintiffs are suffering the irreparable harm and injury inherent in a violation of First Amendment rights, for which there is no adequate remedy at law, as a result of being subject to Defendants' revocation policy and/or as a result of being forced to associate with the union and subsidize OEA's political speech without their consent.

62.    There is there is no compelling interest justifying this infringement of Plaintiffs' rights, and Defendants' revocation policy is not narrowly tailored.

### PRAYER FOR RELIEF

Wherefore, Plaintiffs request that this Court:

A. Issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 *et seq*. for Plaintiffs that Defendants violate the First Amendment, as applied to the states by the Fourteenth Amendment, by deducting and/or collecting union dues from Plaintiffs without a valid waiver of their First Amendment rights;

B. Issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 *et seq*. for Plaintiffs that Defendants maintenance and enforcement of their revocation policy is unconstitutional under the First Amendment, as applied to the states by the Fourteenth Amendment;

C. Permanently enjoin Defendants along with their officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with them, from deducting or collecting union dues from Plaintiffs and from maintaining and enforcing the revocation policy pursuant to 42 U.S.C. § 1983;

D. Require Defendants to pay Plaintiffs nominal and compensatory damages pursuant to 42 U.S.C. § 1983:

    (i) For Plaintiff Durst $81.09 per month since his resignation of membership, together with any interest accumulated on such sum;

COMPLAINT - 10

FREEDOM
FOUNDATION
P.O. Box 552, Olympia, WA 98507
P: 360.956.3482 | F: 360.352.1874

(ii) For Plaintiff Tanner $39.94 per month since her resignation of membership, together with any interest accumulated on such sum;

(iii) For Plaintiff Garcie $82.67 per month since his resignation of membership together with any interest accumulated on such sum;

E. Award Plaintiffs their costs and reasonable attorneys' fees pursuant to the Civil Rights Attorneys' Fees Award Act of 1976, 42 U.S.C. § 1988; and

F. Grant other and additional relief as the Court may deem just and proper.

Dated: June 11, 2019

/s/ Rebekah C. Millard
REBEKAH C. MILLARD, OSB #121199

JAMES G. ABERNATHY, OSB #161867
Freedom Foundation
PO Box 552
Olympia, WA  98507
Telephone: 360.956.3482
RMillard@freedomfoundation.com
JAbernathy@freedomfoundation.com

*Attorneys for Plaintiffs*

COMPLAINT - 11